IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK BRYAN MARTIN-DOBSON )
)
v. )
) NO. 3:12-1144
)
DARON HALL, et al. )

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered November 8, 2012 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 16) of Defendant Daron Hall, to which Plaintiff has not filed a response in opposition.[1] For the reasons set out below, the Court recommends that the motion be granted and Defendant Hall be dismissed from the action

## I. BACKGROUND

Plaintiff, an inmate at the Davidson County Criminal Justice Center ("CJC"), filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 on November 5, 2012, seeking damages and

---

[1] By Order entered February 27, 2013 (Docket Entry No. 20), Plaintiff was notified of the motion and given a deadline of April 5, 2013, to file a response.

injunctive relief. He alleges that, for a period of two months in the summer of 2012, he was discriminated against because of his Christian faith and was prevented from attending worship services on Sundays. Named as defendants are Davidson County Sheriff Daron Hall and CJC employees Clarence Crawley, Granvissee Earl-Young, Danny Blaylock, and Dan Weikal.[2]

Defendants Crawley, Earl-Young, Blaylock, and Weikal have filed an answer (Docket Entry No. 15) to the Complaint and a scheduling order (Docket Entry No. 18) has been entered setting out deadlines for pretrial activity in the action. In lieu of an answer, Defendant Hall has filed the pending motion to dismiss. Defendant Hall seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that the Complaint contains no factual allegations showing his personal involvement in Plaintiff's claims and that he has been sued only because of his official position. Defendant Hall also raises the defense of qualified immunity.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels

---

[2] In their Answer, defendants Crawley, Earl-Young, and Weikal provided their full names, which the Court has used to identify them even though the Complaint does not identify them as such.

2

conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

The motion to dismiss filed by Defendant Hall should be granted. Even when given the most liberal reading, Plaintiff's complaint simply fails to allege facts sufficient to state a legal claim for relief against Defendant Hall. Additionally, Plaintiff has failed to respond to the motion to dismiss

3

and has not provided a rebuttal to the arguments raised by Defendant Hall for his dismissal from the action.

In order for a defendant to be held individually liable under 42 U.S.C. § 1983 there must be facts showing that the defendant was personally involved in some manner in the unconstitutional conduct at issue. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The Complaint is devoid of any factual allegations showing that Defendant Hall personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the alleged unconstitutional conduct as is required for a claim against him. Indeed, other than being named as a defendant, the only reference to Defendant Hall in the Complaint is Plaintiff's allegation that he attempted to file a grievance appeal with Hall but "was denied to do so by Danny Blaylock." See Complaint (Docket Entry No. 1) at 3.

There is simply no factual basis alleged in the Complaint for a plausible claim of individual liability against Defendant Hall. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Furthermore, because liability under Section 1983 cannot be based on respondeat superior merely because of a defendant's supervisory position, Defendant Hall's status as Sheriff of Davidson County cannot be a basis for a claim against him. See Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Phillips v. Roane Cnty., Tenn., 534 F.3d 531, 543 (6th Cir. 2008).

To state a claim for relief, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). Conclusory allegations of unconstitutional conduct without

4

specific factual allegations fail to state a claim under Section 1983, see Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; Chapman v. City of Detroit, 808 F. 2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985), and the Court is not required to conjure up unpled allegations to support conclusory claims. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 16) of Defendant Daron Hall be GRANTED and that Hall be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge