IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK BRYAN MARTIN-DOBSON )
)
v. )
) NO. 3:12-1144
)
DARON HALL, et al. )

TO: Honorable Todd J. Campbell, District Judge

### REPORT AND RECOMMENDATION

By Order entered November 8, 2012 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 39) filed by Defendants Danny Blaylock, Clarence Crawley, Granvisse Earl-Young and Dan Weikal, to which Plaintiff has not filed a response.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered July 3, 2013 (Docket Entry No. 45), Plaintiff was notified of the motion and given a deadline of August 16, 2013, to file a response.

## I. BACKGROUND

Plaintiff, an inmate at the Davidson County Criminal Justice Center ("CJC"), filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 on November 5, 2012, seeking damages and injunctive relief for alleged violations of his constitutional rights at the CJC. The Defendants are CJC employees Clarence Crawley, Granvissee Earl-Young, Danny Blaylock, and Dan Weikal.[2] By Order entered May 24, 2013, Davidson County Sheriff Daron Hall was dismissed from the action. The Defendants have filed an answer (Docket Entry No. 15), and a scheduling order (Docket Entry No. 18) has been entered setting out deadlines for pretrial activity in the action.

Plaintiff alleges that, beginning on June 24, 2012, and continuing for a period of two months, he was unable to attend Christian worship services on Sundays because his "side wasn't out on recreation." See Complaint (Docket No. 1), at 3. He also alleges that the Defendants permit "Mexican" inmates to attend church "on there [sic] day" regardless of their cell location and scheduled recreation time. Id. Plaintiff alleges that he filed numerous grievances in an effort to attend church services on Sundays but that the grievances were denied by defendants Young, Crawley, Weikal, and Blaylock. In short, the plaintiff alleges: "I want to be allowed to go to church on Sundays and be treated like the Mexicans are being treated when they have their religious services." Id.

By their motion for summary judgment, the Defendants argue that there is no evidence supporting any of Plaintiff's claims. They contend that the undisputed evidence shows that Christian religious services were routinely scheduled for CJC inmates two times a week but that different

---

[2] In their Answer, defendants Crawley, Earl-Young, and Weikal provided their full names, which the Court has used to identify them even though the Complaint does not identify them as such.

housing units and/or floors are assigned to different times and days during each week for their religious services. The Defendants contend that a particular religious service could have been cancelled because of conflicting legitimate, penological needs, such as a housing unit or floor being on lock down at the time, or because the scheduled religious volunteer did not show up, but that no services were cancelled arbitrarily. The Defendants assert that separate Christian religious services for Spanish speaking inmates were offered at different times and locations than the English speaking services because of security, scheduling, and logistical concerns. The Defendants argue that Plaintiff's own deposition testimony shows that he was not substantially burdened in his ability to practice his religious views at the CJC and that there is no basis for any claim that he was discriminated against in any manner. The Defendants also contend that there is no evidence supporting individual liability claims against them, and they raise the defense of qualified immunity to any damage claims. In support of their motion, the Defendants rely upon excerpts from Plaintiff's deposition (Docket Entry No. 39-1), the declaration of Sharon McGee (Docket Entry No. 39), and the Declaration of Dan Weikal (Docket Entry No. 43-1).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871,

888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

Although Plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d), it is clear to the Court that there is insufficient evidence upon which a reasonable jury could find in favor of Plaintiff on his claims and that genuine issues of material fact do not exist. Summary judgment should be granted to the Defendants.

Although prison inmates do not lose their First Amendment right to exercise their religion because of incarceration, O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct.2400, 96 L.Ed.2d 282 (1987), "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." Walker v. Mintzes, 771 F.2d 920, 929 (6th Cir. 1985). The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate, and the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. See O'Lone, supra; Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Procunier v. Martinez, 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989).

The Defendants have set forth evidence that Christian religious services were regularly and routinely available to Plaintiff at the CJC, that he attended services on Wednesdays during the time period in question, and that, if religious services were cancelled, it was because of penological concerns or because religious volunteers did not show up as scheduled for the service. See Defendants' Statement of Undisputed Material Facts (Docket Entry No. 40). They have also set forth evidence explaining why Spanish speaking Christian religious services were scheduled and conducted in a different manner than the larger English speaking Christian religious services. Id. Finally, they have set forth evidence that, other than not being able to attend a worship service on Sunday for a brief period of time, Plaintiff was not restricted in any manner from worshiping or otherwise practicing his religious beliefs. Id. This evidence and the Defendants' explanations weigh against any finding of a constitutional violation in this case. Plaintiff has not responded to the arguments made in the motion for summary judgment, has not rebutted the Defendants' supporting evidence, and has not set forth any actual evidence supporting his claims.

In the absence of evidence showing that a prison inmate was totally denied religious opportunities or was subjected to intentional and arbitrary restrictions on his ability to practice his religious views, an inmate, such as Plaintiff, simply does not have a constitutional claim based merely upon objections to the manner in which religious worship opportunities are provided within a correctional facility or to minor infringements upon an inmate's ability to worship within a correctional facility. See O'Lone, 482 U.S. at 350-53. These are the types of inconveniences that are simply inherent to a correctional setting. See Mabon v. Campbell, 2000 WL 145177 (6th Cir. Feb. 1, 2000); Stoner v. Jett, 1991 WL 138439 (6th Cir. July 29, 1991); Cayce v. George, 2011 WL 6754067 (M.D. Tenn. Dec. 23, 2011) (Sharp, Judge). Further, there is no evidence before the Court

6

supporting a claim that Plaintiff was subjected to the type of purposeful discrimination required for an Equal Protection claim. McCleskey v. Kemp, 481 U.S. 279, 292, 107 S.Ct.1756, 95 L.Ed.2d 262 (1987); Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Copeland v. Machulis, 57 F.3d 476, 480 (6th Cir. 1995) (per curiam). See also Sareini v. Burnett, 2011 WL 1303399 (E.D. Mich. Mar. 31, 2011) (prisoner's claim of differing treatment for his religious group failed because there was no evidence of a discriminatory purpose or intent on the part of prison officials).[3]

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Although Plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St.

---

[3] In the November 8, 2012, Order, the Court noted that Plaintiff's allegations may implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq. See Docket Entry No. 3, at 3. However, Plaintiff's complaint does not actually assert such a claim and Plaintiff failed to amend his complaint to specifically include such a claim subsequent to the Court's Order. Accordingly, the Court does not construe Plaintiff's pleadings to assert a claim under RLUIPA. Even if such a claim has been properly pled, there is no evidence showing that Plaintiff suffered a substantial burden on his ability to exercise his religious beliefs, which is required for a RLUIPA claim. See Cutter v. Wilkinson, 423 F.3d 579, 583 (6th Cir. 2005).

Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). Plaintiff has failed to satisfy his burden of producing evidence sufficient to support his claims. Because the Court finds that there is no evidence supporting Plaintiff's underlying claims that his constitutional rights were violated at the CJC, the Court declines to address the Defendants' alternative arguments for dismissal.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 39) filed by Defendants Danny Blaylock, Clarence Crawley, Granvisse Earl-Young and Dan Weikal be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

                                            JULIET GRIFFIN
                                            United States Magistrate Judge